IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH R. FRIEND, )
 )
       Plaintiff, )
 )
  -vs- ) Civil Action No. 15-1563
 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
       Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are cross Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 11).

**I. BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed an application alleging that he became disabled on June 19, 2012. (ECF No. 7-5, p. 2). A hearing was held on December 11, 2014, before Administrative Law Judge ("ALJ") Wayne Stanley. (ECF No. 7-2, pp. 29-71). On December 22, 2014, the ALJ issued a decision finding Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 20-28). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). The issues are now ripe for review.

1

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.   Post Decision Evidence

Plaintiff contends that there is an "untrue fact" that appears in the medical records that he did not realize until he received the ALJ's opinion. (ECF No. 10, pp. 8-9). The alleged untrue fact is that Plaintiff had experienced pain after returning from a vacation where he went horseback riding and endured a 14 hour plane ride. *Id.; see,* ECF No. 7-11, p. 33. As a result, Plaintiff submitted an unsworn statement by him and a friend, and a copy of his expired passport to the Appeals Counsel to combat the "untrue fact." *Id.;* see ECF No. 7-2, pp. 7-15. To be clear, Plaintiff is not arguing that the "alleged untrue fact does not appear in the medical records, as it clearly does. The fact at issue erroneously appears in the record and claimant seeks a remand to explain why this fact is in error and has introduced further evidence which contradicts this fact." (ECF No. 10, p. 8). Thus, Plaintiff's only argument essentially is that remand is warranted pursuant to Sentence Six of 42 U.S.C. §405(g) so that the decision can be reconsidered along

3

with additional evidence submitted to the Appeals Council in the first instance.[1]  (ECF No. 10, pp. 8-9).

If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ.  *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). All three requirements must be satisfied to justify remand.  *Id., citing Szubak,* 745 F.2d at 833.

In *Szubak v. Secretary of Health and Human Services,* the Third Circuit explained the following:

> As amended in 1980, §405(g) now requires that to support a "new evidence" remand, the evidence must first be "new" and not merely cumulative of what is already in the record.  Second, the evidence must be "material;" it must be relevant and probative. Beyond that, the materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination. An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition. Finally the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record.

745 F.2d 831, 833 (3d Cir. 1984) (citations omitted).

In this case, Plaintiff submitted to the Appeals Council, for the first time, a letter from him and a letter from his friend both indicating that Plaintiff did not take a 14 hour plane ride in 2012

---

[1] Plaintiff seems to be confused about the type of remand he is requesting.  (ECF No. 10).  While Plaintiff suggests that the ALJ's decision is not based on substantial evidence, he does not appear to be requesting remand based on Sentence Four of §405(g). *See,* ECF No. 10.   As I mentioned previously, under Sentence Four, the review of the ALJ's decision is not *de novo.* The ALJ's findings of fact are conclusive if supported by substantial evidence.  *Mathews v. Eldridge,* 424 U.S. 319, 339, 96 S.Ct. 893, 905 n. 21 (1976); *Matthews v. Apfel,* 239 F.3d 589, 594 (3d Cir. 2001), *citing, Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991) ("[E]vidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence.").  Thus, my review of the ALJ's decision is limited to the evidence that was before him. *Id.;* 42 U.S.C. §405(g).   The thrust of Plaintiff's argument in this case, however, is that the Appeals Council erred in failing to remand based on evidence newly submitted to it.  (ECF No. 10). Therefore, the only proper argument is whether the case should be remanded pursuant to Sentence Six of §405(g).

and did not go horseback riding in 2012. Additionally, Plaintiff submitted a copy of his expired passport. (ECF No. 10, pp. 8-9 and No. 7-2, pp. 7-15). Plaintiff contends that the case should be remanded because this information is necessary for the ALJ to make a proper credibility determination. (ECF No. 10, p. 9).

Evidence is "new" if it was "not in existence or available to the claimant at the time of the administrative proceeding." *See, Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990). The letters are newly created documents, but the expired passport is not new information. As a result, the passport does not survive the test. Therefore, I will continue with the analysis with regard to the letters only.

As I mentioned earlier, the materiality standard requires that the evidence must be "relevant and probative" and there must "be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination." *Szubak*, 745 F.2d at 833. There is no evidence of that in this case. While it is true that the ALJ based his credibility determination, in small part, on the fact that Plaintiff took a 14-hour plane trip that included horseback riding, this was not the only activity of daily living used to assess Plaintiff's credibility. *See,* ECF No. 7-2, pp. 20-28). For example, he discussed in various locations the multiple tasks Plaintiff performed in and around his house. *Id.*

Moreover, in evaluating whether a plaintiff's statements are credible, an ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. § 404.1529(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* The ALJ did exactly that in this case. (ECF No. 7-2, pp. 20-28). He considered Plaintiff's course of treatment as well as all of the

medical evidence, wherein it is noted that Plaintiff had made 90-95% progress toward his return to prior level of functioning.  *Id.*  None of this evidence is disputed by Plaintiff.  *See,* ECF No. 10.  Thus, I am not persuaded that there is a reasonable possibility that the letters would change the outcome of the determination.  Consequently, I find that the letters fail the materiality requirement of the test.[2]

Therefore, remand for consideration of the post decision evidence under Sentence Six of §405(g) is not warranted.

An appropriate order shall follow.

---

[2] Since the evidence at issue has failed either the new or the materiality requirement, I need not consider whether Plaintiff has established good cause.  Nonetheless, I note that I am not persuaded by Plaintiff's good cause argument.  Plaintiff suggests that he was not aware of the incorrect information contained in the treatment notes.  (ECF No. 10, pp. 8-9).  While this may be true, Plaintiff could have reviewed the documents at any time prior to the ALJ closing the case.  In fact, at the hearing the ALJ asked counsel if he had an opportunity to review the final and proposed exhibits.  (ECF No. 7-2, p. 33).  Plaintiff's counsel responded that he did review them and he had no objection and did not have any further exhibits to submit.  *Id.*  Consequently, I find that Plaintiff has failed to show good cause.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH R. FRIEND, )
 )
       Plaintiff, )
 )
  -vs- )   Civil Action No.   15-1563
 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
       Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 13th day of December, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is denied and Defendant's Motion for Summary Judgment (Docket No. 11) is granted.

                    BY THE COURT:

                    s/   Donetta W. Ambrose
                    Donetta W. Ambrose
                    United States Senior District Judge